# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

REFINERIA DI KORSOU N.V., )
      )
    Plaintiff    )
      )
    v.    )    C.A. No. N23J-01330
      )
PETRÓLEOS DE VENEZUELA, S.A., )
      )
    Defendant    )

Submitted: October 6, 2023
Decided: November 9, 2023

On Plaintiff's Motion for Reconsideration of
Commissioner's September 8, 2023 Order
**DENIED**

## ORDER

Michael Busenkell, Esquire; Margaret F. England, Esquire; Michael D. Van Gorder, Esquire; Gellert Scali Busenkell & Brown LLC, Wilmington, Delaware; Jeffrey Boxer, Esquire *(pro hace vice)* Carter Ledyard & Milburn LLP, New York, New York; *Attorneys for Plaintiff*

Samuel T. Hirzel, II, Esquire; Gillian L. Andrews, Esquire; Heyman Enerio Gattuso & Hirzel LLP, Wilmington, Delaware; Claire A. Delelle, Esquire *(pro hace vice)*; Nicole Erb, Esquire *(pro hace vice)*; Benedict S. Bernstein, Esquire *(pro hace vice)*; White & Case LLP, Washington, DC; *Attorneys for Defendants*

**JOHNSTON, J.**

1. By Order dated September 8, 2023, Commissioner Salomone granted Defendant Petroleos de Venezuela, S.A.'s Motion to Quash Writ of Attachment *Fieri Facias* and Stay Action. Ruling from the bench, the Commissioner found that the securities at issue are certificated securities and that the Writ was obtained in violation of Delaware law. Therefore, the Commissioner granted the Motion to Quash the Writ and stayed the matter in favor of related litigation pending in the U.S. District Court for the Southern District of New York. The Commissioner declined to render a decision on the alternative bases argued in support of quashing the Writ.

2. The Commissioner relied on *Deng v. HK Xu Ding Co., Limited.*[1] In *Deng*, this Court held that Section 324(a) of the Delaware General Corporation Law requires compliance with Section 8-122 for certificated securities. To attach certificated securities and obtain an order to sell the security to satisfy a judgment, the certificate must actually be seized.[2]

3. Plaintiff moved for reconsideration of the September 8, 2023 Order. Plaintiff argues that the Commissioner misapplied the holding in *Deng* and

---

[1] 2023 WL 3318322 (Del. Super.).

[2] *Id.* at *3 (This case presently is on appeal to the Delaware Supreme Court. Oral argument is scheduled for December 6, 2023.)

improperly engrafted language to the definition of what constitutes a certificated security under Delaware's Uniform Commercial Code. Plaintiff's position is based in part on a letter from Defendant to the Delaware District Court, stating that Defendant "is unable to locate the original share certificate or ascertain whether such share certificate is still in existence." Therefore, the security is no longer "certificated." In *Deng*, the known certificate representing the shares was in the custody of a third-party.

4. Defendant responds that certificated shares retain their status as certificated securities even when the original certificate is lost. It is undisputed that the certificate was issued and never cancelled. A motion has been filed in the District Court requesting an order compelling the issuance of a new stock certificate.

5. Pursuant to Superior Court Civil Rule 132(a)(3)(iv): "A judge may reconsider any hearing or pretrial matter under subparagraph (3) only where it has been shown on the record that the Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion."

6. The Court finds that the Commissioner appropriately relied upon *Deng* in finding that the shares at issue are certificated securities. The certificated securities were not legally attached because the certificate was not actually seized. The matter pending in this Court was properly stayed pending litigation between the parties to resolve the underlying issues.

3

7. The Court finds that the Commissioner's order is based upon findings of fact that are not clearly erroneous, not contrary to law, and not an abuse of discretion.

**THEREFORE,** after careful and *de novo* review of the record, Plaintiff's Motion for Reconsideration of Commissioner's September 8, 2023 Order is hereby **DENIED.**

**IT IS SO ORDERED.**

_/s/ **Mary M. Johnston**_
The Honorable Mary M. Johnston